AMENDED HLD-008                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-3186

_____

IN RE: SAMIRKUMAR J. SHAH,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Crim. No. 2:16-cr-00110-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 15, 2026

Before: CHAGARES, *Chief Judge*, HARDIMAN, and SCIRICA, *Circuit Judges*

(Opinion filed: February 25, 2026)

_____

OPINION[*]

_____

PER CURIAM

In June 2019, petitioner Samirkumar Shah was convicted of healthcare fraud under

18 U.S.C. § 1347. In January 2024, while he was serving his sentence for that crime, he

filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence. He

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

filed an amended motion in September 2024.[1] In September 2025, Shah asked the District Court for a status update as to his § 2255 motions. The court advised him that the motions remained pending, and that he would be advised when the court resolved them.

Shah then filed a petition for a writ of mandamus in this Court, alleging extraordinary delay in the adjudication of his § 2255 motion.

While a writ of mandamus may be warranted where "undue delay is tantamount to a failure to exercise jurisdiction," *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996), the delay in resolving Shah's § 2255 motion does not meet that standard. As noted above, the District Court advised Shah as recently as September 2025 that his § 2255 motion and attempt to amend it were still pending, and that he would be notified when they were resolved. After that, Shah filed a motion to recuse the District Judge. That motion is also pending in the District Court. We are confident that the District Court will decide the motions in due course.

We will thus deny Shah's mandamus petition without prejudice to his filing another mandamus petition if the District Court does not act without undue delay.[2]

---

[1] Meanwhile, Shah and the government were actively litigating Shah's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The District Court entered an order in August 2024 reducing his sentence from seventy-eight months to seventy months. Shah was released from custody in November 2024.

[2] All pending motions are denied. To the extent that Shah asks us to order the District Judge to recuse himself, we decline to act on any such request because the recusal motion he filed in the District Court is pending there.